IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES THOMAS LITTLE,

  Plaintiff,

v.              Civil Action No. 5:12CV148
                    (STAMP)
TYGARTS VALLEY REGIONAL JAIL
and PRIME CARE MEDICAL, INC.,

  Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] plaintiff, James Thomas Little, commenced this civil rights action by filing a complaint against defendants, Tygarts Valley Regional Jail ("TVRJ") and Prime Care Medical, Inc. ("Prime Care"), pursuant to 42 U.S.C. § 1983. In the body of his complaint, however, the plaintiff asserts claims against Scott Villers ("Villers"), the Administrator of TVRJ, and a Nurse Kathy, who he states is the head registered nurse at TVRJ. The plaintiff claims that Nurse Kathy made him wait a week prior to doing anything after he fell over another inmate on his way to use the toilet, due to what he claims is overcrowding in TVRJ. As to Villers, the plaintiff asserts that Villers is to blame because he sent him a grievance concerning the matter and Villers did nothing

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

in response.  As relief, the plaintiff seeks damages for pain and suffering and he requests that the jail be made to do something concerning the alleged overcrowding.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate David J. Joel for initial review and report and recommendation.  Magistrate Judge Joel issued a report and recommendation recommending first that TVRJ and Prime Care be dismissed because they are not proper defendants in a § 1983 action, as they are not a person.  Second, the magistrate judge recommends that Villers be dismissed because there are no specific allegations against him and the plaintiff did not make any allegations to satisfy the elements for supervisory liability.  Third, as to Nurse Kathy, the magistrate judge recommends she be dismissed because the plaintiff did not exhaust all available administrative remedies as to any claim against her.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation.  No party filed objections to the report and recommendation.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because no

objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief. In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Accordingly, dismissal for frivolity should only be ordered when the legal theories advanced by the complaint are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

A.  <u>Tygarts Valley Regional Jail and Prime Care Medical, Inc.</u>

As outlined by Magistrate Judge Joel in his report, suits under 42 U.S.C. § 1983 must be brought against a "person." <u>Rendall-Baker v. Kohn</u>, 547 U.S. 830, 838 (1982). It is established law that governmental entities such as jails and courts are not "persons" under § 1983, and are thus not amenable to suit under the statute. <u>See</u> <u>Will v. Mich. Dept. of State Police</u>, 491 U.S. 58 (1989). Accordingly, this Court agrees with the magistrate judge that, as a matter of law, the TVRJ is an improper defendant in this action. Furthermore, this Court agrees with the magistrate judge's finding that Prime Care is clearly not a "person" for purposes of § 1983, and is also not a proper defendant in this matter. As such, the plaintiff failed to state a claim upon which relief can be granted as to both TVRJ and Prime Care and, therefore, the action must be dismissed as to those defendants.

B.  <u>Scott Villers</u>

As the magistrate judge explained, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001) (internal citations omitted). The plaintiff failed to make any specific allegations against Villers concerning the violation of his constitutional rights. Instead, he asserts that he wrote Villers a grievance and nothing was done in response to it.

Therefore, the plaintiff failed to allege that Villers himself violated the plaintiff's constitutional rights.

The magistrate judge found that as a result, it seems that the plaintiff names Villers in his official or supervisory capacity as the Administrator of TVRJ. There is, however, no respondeat superior liability under § 1983. <u>Baker v. Lyles</u>, 904 F.2d 925, 929 (4th Cir. 1990) ("The doctrine of respondeat superior generally does not apply to § 1983 suits."). Although, if the subordinate acted pursuant to an official policy or custom for which he is responsible, a court may impose supervisory liability. <u>See</u> <u>Fisher v. Washington Metropolitan Area Transit Authority</u>, 690 F.2d 1113 (4th Cir. 1982). The United States Court of Appeals for the Fourth Circuit has held that if a plaintiff establishes the following three elements a plaintiff can establish supervisory liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

<u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994). As the magistrate judge indicated, the plaintiff failed to assert allegations that reveal the presence of any of the required elements for supervisory liability as to Villers. Accordingly,

5

this Court finds that the plaintiff has failed to state a claim against Villers and, thus, this Court must dismiss the action as to him.

C.    Nurse Kathy

The magistrate judge recommended that the plaintiff's civil action be dismissed as to Nurse Kathy for failure to exhaust administrative remedies.  Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under any federal law must first exhaust all available administrative remedies.  42 U.S.C. § 1997e.  Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte.  Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).  Actions brought pursuant to 42 U.S.C. § 1983 are subject to administrative exhaustion requirements of the PLRA.  Porter, 534 U.S. at 524.

The West Virginia Regional Jail and Correctional Facility Authority provides all inmates with an administrative grievance procedure by which complaints concerning the conditions of confinement may be addressed.[2]  Inmates housed in a West Virginia

---

[2]The West Virginia Regional Jail and Correctional Facility Authority has promulgated its procedures through the publication of its "Handbook of Inmate Rules and Procedures," which contains an

Regional Jail facility must first file a grievance with the Administrator of the facility on an inmate grievance form provided by jail personnel.  If unsatisfied with the Administrator's decision, an inmate may then file an appeal with the Chief of Operations.  This appeal must be filed within five days of receipt of the Administrator's decision and must include a copy of both the initial complaint and the Administrator's decision.  If still unsatisfied after the response from the Chief of Operations, an inmate may request, within five days of receipt of the decision, a review by the Office of the Executive Director.

The plaintiff indicates in his complaint that he sent the Administrator of TVRJ, Villers, his grievance.  Thereafter, however, he did not appeal to the Chief of Operations as is required by the administrative grievance procedures.  Instead, he indicated that he sent the grievance "to medical" and received "nothing back."  Therefore, he did not comply with the second or third step of the procedures. Furthermore, as the magistrate judge indicates, the plaintiff signed his complaint October 1, 2012, only 24 days after the alleged assault took place.  Thus, the plaintiff had insufficient time to complete the administrative remedy process.  Due to the plaintiff's failure to exhaust his administrative remedies as to any grievance concerning Nurse

---

"Inmate Request and Grievance Procedure."  W. Va. C.S.R. § 94-5-2.

Kathy's actions, this Court must dismiss this action without prejudice as to her.

IV. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety. It is ORDERED that this case be DISMISSED WITH PREJUDICE as to Tygarts Valley Regional Jail, Prime Care Medical, Inc., and Scott Villers and DISMISSED WITHOUT PREJUDICE as to Nurse Kathy. Furthermore, it is ORDERED that this case be STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 23, 2013

                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE